INTERNATIONAL MILLING COM-
PANY, Appellee,

v.

BROWN STEAMSHIP COMPANY,
Appellee,
Great Lakes Towing Company, Appellant,
Wayne Steamship Co., Inc., Appellant.

No. 34, Docket 25131.

United States Court of Appeals
Second Circuit.

Decided March 17, 1959.

Arthur E. Otten, Buffalo, N. Y., for Great Lakes Towing Co.

James P. Heffernan, Buffalo, N. Y., for Brown S. S. Co.

William M. Connelly, Buffalo, for International Milling Co.

Russell V. Bleecker, Cleveland, Ohio, for Wayne S. S. Co.

Before HAND, HINCKS and WATERMAN, Circuit Judges.

HAND, Circuit Judge.

The libellant has filed a petition for rehearing, asking us to decide whether the ship "McAlpine" was liable to the libellant for the injury to the "legs" of the elevator, while the "Gallagher" and the "Oklahoma" were passing. We concluded our opinion of November 18, 1958 (2 Cir., 261 F.2d 133), by refusing to consider that question under the ancient doctrine that an appeal in admiralty is a trial *de novo*, not only because the libellant did not appeal, but also because its brief as an appellee had not raised any objection to the dismissal of its complaint against that vessel.

It is of course true that under ancient law an appeal in admiralty did effect a trial *de novo*, and that the appellate court might make any decision that accorded with the rights of the parties as they appeared on the record, or indeed might itself take new evidence. Reid v. Fargo, 241 U.S. 544, 548, 36 S.Ct. 712, 60 L.Ed. 1156. This doctrine we had always followed until in 1918 when we began to modify it. By our rules of that year we provided (Admiralty Rule I) that an appeal should be taken by filing a notice in the clerk's office, and serving a notice on "the adverse party" that the appellant "appeals * * * from the decree." Rules VI and VII gave the appellate court power to "allow either appellant or appellee to make new allegations, or pray different relief or interpose a new defense or take new proofs," and to take new evidence, although leave had to be asked within fifteen days after filing of the record— the "apostles." This somewhat restrict-

ed the preceding doctrine of a trial *de novo*, and so it stood till 1928, when Rule 37 of that year changed the practice still further. Subdivision 3 of that Rule required an appellee to file "an assignment of errors" within ten days after the appellant had filed his notice of appeal, if he wished to procure "other or further relief than that granted by the decree," though it was unnecessary to get leave to do so. Rules 39, 40 and 41 also provided for additions to the record. Rule 13(b) of the Rules of 1946 went still further; they allowed an appellee *to obtain* "other or further relief" merely by filing "an assignment of error" within ten days as before, but they eliminated any provisions for adding to the record of the District Court.

 Finally, in 1954, Rule 10(a), 28 U.S.C.A., substituted for the foregoing rules a provision assimilating the practice in admiralty appeals to that in other proceedings, as follows: "The procedure for taking appeals * * * in civil actions, in bankruptcy proceedings * * * and in admiralty cases is as prescribed by the second paragraph of subdivision (a) and by subdivision (b) *of Rule 73 of the Federal Rules of Civil Procedure*." Rule 73(a), 28 U.S.C.A., contains no provision giving the appellee in an admiralty appeal the privilege of filing an assignment of error, and all traces of a new hearing on evidence are absent. If the appeal at bar had not been from a decree in admiralty, plainly the appellee could not now ask a reversal of that part of the judgment that exonerated the "McAlpine"; and appellees in admiralty are now subject to the same disability. The decree was and is unreviewable absent a notice of appeal by the libellant.

In Bleakley Transportation Co. v. Colonial Sand & Stone Co., 2 Cir., 245 F.2d 576, 578, however, we had before us an appeal taken by the libellant from a decree in admiralty in a suit that granted recovery against a dock owner for giving the libellant a foul berth. The libellant appealed from the decree because of the insufficiency of the damages awarded

and this we affirmed. The dock owner, who had not appealed, challenged the validity of the interlocutory decree holding it liable, and we decided that he was free to do so. Our decision as to jurisdiction rested upon the fact that Rule 13(b) of the Rules ·of 1946 and 1952 requiring an appellee to file an assignment of error had been changed by the Rules of 1954, and we said that since "the appellee's attack upon the interlocutory decree without any assignment of error would not now be contrary to any rule of this court, the appellant's appeal opened the entire case for review." We failed to observe, however, that although Rule 13(b) of 1946 and 1952 did indeed abolish the need of any assignment of error by the appellee, it did so by substituting for the former practice the practice prescribed for all other appeals. We recognize that there is an inconsistency between what we now decide and our earlier ruling.

Petition denied.